Whitaker, Judge,
delivered the opinion of the court:
The plaintiff sues to recover the value of an alleged deficit in the number of acres the defendant agreed to set apart for *243 it as a reservation. By the treaty of 1866 the United States acquired from the Creek Nation the westerly half of their lands; and it granted to the plaintiff 200,000 acres of these lands immediately west of the lands retained by the Creeks and between the Canadian Elver on the south and the North Fork of the Canadian Eiver on the north. However, when the defendant undertook to settle the plaintiff on their said reservation, by accident it settled them instead on a part of the lands retained by the Creeks. When this error was discovered, the defendant purchased from the Creek Nation at its own expense and without cost to plaintiff 175,000 additional acres immediately east of plaintiff’s original reservation and added this to the original reservation of 200,000 acres.
When the defendant came to survey and fix the boundaries of the original reservation of 200,000 acres, it is alleged that it included therein only 188,449.46 acres, and it later gave to another tribe the remainder of 11,550.54 acres. The plaintiff sues to recover the value of this deficit.
Plainly it cannot recover. Although there may have been this deficit, more or less, in the 200,000-acre tract the defendant was obligated to set apart for plaintiff, the plaintiff was compensated therefor fifteenfold by the addition to the reservation of 175,000 or more additional acres immediately to the east. The plaintiff was entitled to receive from the defendant only 200,000 acres, but it has in fact received at least 360,000 acres and, therefore, cannot complain that there was a small deficit in the original 200,000-acre tract agreed to be set apart to it.
Moreover, under the act of August 12, 1935 (49 Stat. 571, 596), the defendant is entitled to an offset of “all sums expended gratuitously by the United States for the benefit of the said tribe or band.” Therefore, if the plaintiff be entitled to recover for any deficit in the 200,000-acre tract, the defendant would be entitled to an offset of the value of the acreage given them gratuitously. This value is far in excess of the value of whatever deficit there may have been.
Plaintiff’s petition will be dismissed. It is so ordered.
Jones, Judge; and Littleton, Judge, concur.
Whaley, Chief Justice, dissents.